UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL NOVICK, | Case No. 2:17-CV-2977 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| CITIMORTGAGE, INC., | |
| Defendant(s). | |

Presently before the court is the matter of *Novick v. CitiMortgage, Inc.*, case number 2:17-cv-02977-JCM-NJK.

**I.     Background**

On August 1, 2017, plaintiff Michael Novick filed a motion for temporary restraining order in state court. (ECF No. 1-1 at 2). The motion requested the court to halt defendant's proposed sale of the property, which was scheduled for August 2, 2017 (the next day). *Id.* The state court granted plaintiff's motion, and set a hearing for August 23, 2017. *See id.* at 109.

On August 22, 2017 at 5:32pm, defendant CitiMortgage, Inc. removed this action to federal court from the Eighth Judicial District Court of Clark County. (Case no. 2:17-cv-02236-JCM-CWH, ECF No. 1). On September 12, 2017, this court remanded the action, as plaintiff was yet to file a complaint. (Case no. 2:17-cv-02236-JCM-CWH, ECF No. 12). On remand, plaintiff filed a complaint, (ECF No. 1-1 at 8–15), and defendant proceeded to remove the case to federal court, (ECF No. 1).

**II.     Discussion**

"An injunction is a matter of equitable discretion . . . an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief. *Winter v.*

*N.R.D.C.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374 (2008). Courts must consider the following elements in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Id.* at 20. The test is conjunctive, meaning the party seeking the injunction must satisfy each element.

A court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. Fed. R. Civ. P. 65(b). "The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment." *Estes v. Gaston*, no. 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, at *2 (D. Nev. Nov. 16, 2012) (citing *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984)). "Thus, in seeking a temporary restraining order, the movant must demonstrate that the denial of relief will expose him to some significant risk of irreparable injury." *Id.* (quoting *Associated Gen. Contractors of Cal. v. Coalition of Econ. Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991)).

Here, plaintiff has not demonstrated that injunctive relief is warranted on these facts. All of plaintiff's filed motions for injunctive relief reference defendant's proposed sale of the property that was supposed to occur on August 2, 2017. *See* (ECF No. 1-1 at 2, 78) (plaintiff's motion and amended motions filed in state court). None of plaintiff's documents filed in state court reference immediate and irreparable harm that will occur in the future if the court does not grant plaintiff's motion. Further, plaintiff's motions do not demonstrate why injunctive relief should be granted before the opposing party may be heard on the issue.

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

The court will deny plaintiff's motion for temporary restraining order without prejudice.

Accordingly,

IT IS SO ORDERED.

DATED December 5, 2017.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 3 -